## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

| | |
|---|---|
| **HOLLY GREEN**, an individual, | **CIVIL ACTION** |
| Plaintiff, | |
| v. | **Case No. 2:19-cv-556** |
| **DR. KELLY MALINOSKI, LLC**, a Florida limited liability company, and **DR. KELLY MALINOSKI**, an individual, | **Judge:** |
| | **Mag. Judge:** |
| Defendants. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, **HOLLY GREEN** ("GREEN" or "Plaintiff"), by and through undersigned counsel, and states the following for her Complaint:

### CAUSES OF ACTION

1. This is an action brought under the federal Fair Labor Standards Act ("FLSA") and common law for (1) unpaid wages and overtime, and (2) breach of contract.

### PARTIES

2. The Plaintiff, **HOLLY GREEN** ("GREEN") is an individual and a resident of Florida who at all material times resided in Lee County and Collier County, Florida and worked for the Defendants in Collier County, Florida. At all material times, **GREEN** was employed by the Defendants as an "officer manager," but was misclassified as an exempt employee. **GREEN**'s primary job duties consisted of non-management, clerical work that included, but was not limited to: processing billing, processing payments, answering phones, printing documents and reports, data entry, processing payroll and providing general administrative support for the Defendants,

including **MALINOSKI**.  A great number of the customers **GREEN** served were residents of other states who visit Southwest Florida on only a seasonal basis or on vacation. **GREEN** began the flow of interstate commerce for by, *inter alia*, generating and processing billing, which collected funds from out-of-state sources, including Medicare. **GREEN** performed work in Collier County, Florida, which is within the Middle District of Florida, during the events giving rise to this case. **GREEN** was an employee within the contemplation of 29 U.S.C. 203(e)(1). Thus, pursuant to 28 U.S.C. 1391(b), venue for this action lies in the Middle District of Florida.

3.      The Defendant, **DR. KELLY MALINOSKI, LLC** ("**PRACTICE**") is a Florida limited liability corporation and has a principal place of business located at 7955 Airport Pulling Road North, Naples, Florida 34109. **PRACTICE** has gross annual income well in excess of $500,000.00 per year and is engaged in interstate commerce; it is a covered employer under the FLSA (29 U.S.C. §203(d), (r) and (s)). **PRACTICE**'s employees are engaged in interstate commerce and their business model specifically involves interstate purchases and handling goods such as medications and durable medical equipment that are from out-of-state suppliers. **PRACTICE** collects monies, most of which is from out-of-state financial institutions or the United States government. **PRACTICE** has the authority to hire, fire, assign work, withhold work and affect the terms and conditions of persons like **GREEN**. **PRACTICE** supervised and controlled **GREEN** work schedules and conditions of employment, in addition to determining the rate and method of payment for **GREEN**. **PRACTICE** maintains employment records of **GREEN**. **PRACTICE** was the employer of **GREEN**.

4.      The Defendant, **DR. KELLY MALINOSKI** ("**MALINOSKI**") is an individual and is a covered employer under the FLSA (29 U.S.C. §203(d), (r) and (s)). **MALINOSKI** had the authority to hire, fire, assign work, withhold work and affect the terms and conditions of

persons like **GREEN**. **MALINOSKI** supervised and controlled **GREEN**'s work schedules and conditions of employment, in addition to determining the rate and method of payment for **GREEN**. **MALINOSKI** maintains employment records of **GREEN**. **MALINOSKI** was the employer of **GREEN**.[1]

## JURISDICTION AND VENUE

5.      This Court has jurisdiction of this matter under 28 U.S.C. §1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act (FLSA") 29 U.S.C. §§216(b) and 217. The jurisdiction of this Court is invoked to secure the protection and redress of the deprivation of rights secured by the FLSA.

6.      This Court has supplemental jurisdiction over **GREEN**'s state law claims pursuant to 28 U.S.C. § 1367.

7.      Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff worked in, and the Defendants conduct business in, and some or all of the events giving rise to Plaintiff's claims occurred in Collier County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since the action accrued in Collier County, which is within the Fort Myers Division.

## GENERAL ALLEGATIONS

8.      **GREEN** began her employment with the Defendants in July 2015.

9.      Defendant **PRACTICE** is a medical practice, owned by Defendant **MALINOSKI**, that does business in Naples, Florida, as well as all of Collier County.

10.     **GREEN** was employed by the Defendant as an administrative assistant/biller but was titled by the Defendants as an "office manager."

---

[1]      **PRACTICE** and **MALINOSKI** are referred to herein as "Defendants."

11. **GREEN**'s direct supervisor was **MALINOSKI**, and **GREEN**'s role of was non-management and did not include advising the Defendants regarding violations of state or federal wage/hour law.

12. **GREEN**'s primary job duties consisted of non-management, clerical work that included, but was not limited to: processing billing, processing payments, answering phones, printing documents and reports, data entry, processing payroll and providing general administrative support for the Defendants, including **MALINOSKI**.

13. **GREEN**'s position required only a high school education or equivalent.

14. However, **GREEN** was not exempt under the FLSA, but rather was an hourly employee, because the Defendants:

    a. Failed to allow **GREEN** to possess or execute primary job duties that consisted of exercising independent judgment with respect to matters of significance;

    b. Failed to allow **GREEN** to supervise any other employees, or have the authority to affect the terms and conditions of any other employees' employment;

    c. Failed to have **GREEN**'s duties be directly involved with the administration of the Defendant's business;

    d. Failed to allow **GREEN** any management duties whatsoever;

    e. Failed to allow **GREEN** to make decisions on behalf of the Defendant that consisted of exercising any independent judgment on matters of significance;

    f. Failed to allow **GREEN** any authority to make decisions that bind the Defendant;

    g. Failed to allow **GREEN** authority to formulate, affect, interpret, or implement management policies or operating practices;

h.   Failed to allow **GREEN** major assignments in conducting the operations of the business;

i.   Failed to allow **GREEN** work that affects business operations to a substantial degree;

j.   Failed to allow **GREEN** authority to commit the employer in matters that have significant financial impact;

k.   Failed to allow **GREEN** authority to waive or deviate from established policies and procedures without prior approval;

l.   Failed to allow **GREEN** authority to negotiate and bind the company on significant matters;

m.   Failed to require **GREEN** to provide consultation or expert advice to Defendant's management;

n.   Failed to allow **GREEN** involvement in planning long or short-term business objectives;

o.   Failed to allow **GREEN** to investigate and resolve matters of significance on behalf of management;

p.   Failed to allow **GREEN** to represent the company in handling complaints, arbitrating disputes or resolving grievances;

q.   Failed to assign **GREEN** to perform work in functional areas such as tax, finance, accounting, budgeting, auditing, insurance, quality control, purchasing, procurement, advertising, marketing, research, safety and health, personnel management, human resources, employee benefits, labor relations, public

relations, government relations, computer network, internet and database administration, legal and regulatory compliance, and similar activities;

r.  Required **GREEN** to take direction as to how to perform her job duties, and what tasks to perform, from her supervisors, and;

s.  Assigned **GREEN** only duties that did not require her to perform work directly related to assisting with the running or servicing of the Defendant's business (as distinguished, for example, selling the Defendant's product).

15.  **GREEN** was required by the Defendants to work fifty (50) hours per week (and many more during the busy winter "season"), and did so without proper overtime compensation.

16.  The Defendant's practices alleged in ¶14, *supra*, establish that **GREEN** was not FLSA-exempt but rather a non-exempt employee whom the Defendants required or permitted to work off-the-clock in violation of the FLSA because **GREEN** performed work for the benefit of the Defendants for which she was not compensated. To the extent that such work is performed during a work week in which **GREEN** has, or would have, worked in excess of forty (40) hours per week, such practice further violates the overtime pay provisions of the FLSA by virtue of the Defendants' failure to pay compensation at a rate of one and one-half (1 and 1/2) times **GREEN**'s regular rate of pay.

17.  The Defendants' practices alleged *supra*, requires employees like **GREEN** to perform work for the benefit of the Defendants for which the employees are not compensated and thus the Defendants have been unjustly enriched.

18.  The Defendants misclassified **GREEN** as FLSA-exempt and proper records of her hours worked would reflect uncompensated overtime.

19.     The Defendants did not pay **GREEN** a minimum hourly wage, nor overtime, and instead opted to compensate **GREEN** on a salary basis.

20.     The Defendants should have been paying **GREEN** on an hourly, non-exempt rate during the entire course of her employment with the Defendant.

21.     Notwithstanding the same, the Defendants still refused to properly compensate **GREEN** on an hourly, non-exempt basis in compliance with the FLSA. The Defendants thus failed to act in good faith and did not have a reasonable belief it had complied with the FLSA.

22.     At all relevant times, the Defendants' employment of **GREEN** has been on a salary basis, which salary was designed to cover all hours worked up to forty (40) hours per week.

23.     The Defendants have violated the FLSA by failing to pay overtime wages to **GREEN**.

## COUNT I: VIOLATION OF THE FLSA- UNPAID OVERTIME

24.     The Plaintiff hereby incorporates Paragraphs 1-23 in this Count as though fully set forth herein.

25.     **GREEN** was actually a covered, non-exempt employee under the FLSA at all times during her employment with the Defendants.

26.     The Defendants were required by the FLSA to pay **GREEN** at least time and one-half for all hours worked by **GREEN** in excess of 40 hours per week.

27.     The Defendants had operational control over all aspects of **GREEN**'s day-to-day functions during her employment, including compensation.

28.     The Defendants were **GREEN**'s employer and are liable for violations of the FLSA in this case.

29.     The Defendants violated the FLSA by failing to pay **GREEN** at least time and one-half for all hours worked over 40 per week.

30.     The Defendants have willfully violated the FLSA in refusing to pay **GREEN** proper overtime for all hours worked over 40 per week.

31.     As a result of the foregoing, **GREEN** has suffered damages of lost wages.

32.     The Defendants are the proximate cause of **GREEN**'s damages.

**WHEREFORE,** the Plaintiff prays that this Honorable Court enter a Judgment in her favor and against the Defendants for an amount consistent with evidence, together with liquidated damages, the costs of litigation, interest, and reasonable attorneys' fees.

## COUNT II – BREACH OF CONTRACT

33.     The Plaintiff realleges and incorporates Paragraphs 1-3 and 6-10 in this Count by reference.

34.     A contract existed between **GREEN** and Defendant **PRACTICE**.

35.     The terms of the contract were, during **GREEN**'s employment, **PRACTICE** would pay **GREEN** for three 3-weeks vacation.

36.     Both **GREEN** and Defendant **PRACTICE** agreed to those terms, which were clear and unambiguous.

37.     **GREEN** fully and satisfactorily performed her duties under the contract.

38.     **PRACTICE** has breached the contract by refusing to pay **GREEN** the 3-weeks vacation pay due under the terms of the written contract.

39.     **GREEN** has been damaged as a result of **PRACTICE**'s breach of the contract.

40.     This Count is timely brought and all conditions precedent have occurred or been waived.

**WHEREFORE**, Plaintiff respectfully demands that this Honorable Court enter its judgment in favor of Plaintiff and against Defendant **PRACTICE** in an amount consistent with the evidence, together with the costs of this litigation, interest, reasonable attorney's fees pursuant to F.S. §448, and all other relief as this Court deems proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, the Plaintiff demands a trial by jury as to all issues triable as of right.

Respectfully submitted,


Dated: August 6, 2019          **/s/ Benjamin H. Yormak**
                               Benjamin H. Yormak
                               Florida Bar Number 71272
                               Trial Counsel for Plaintiff
                               Yormak Employment & Disability Law
                               9990 Coconut Road
                               Bonita Springs, Florida 34135
                               Telephone: (239) 985-9691
                               Fax: (239) 288-2534
                               Email: byormak@yormaklaw.com