UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HOLLY GREEN,

    Plaintiff,

v.                                                                                      Case No. 2:19-cv-556-FtM-60NPM

DR. KELLY MALINOSKI, LLC, a Florida
limited liability company, and DR. KELLY
MALINOSKI, an individual,

    Defendants.
_____/

## ORDER DENYING "DEFENDANTS' MOTION TO DISMISS COUNT II OF PLAINTIFF'S COMPLAINT AND MEMORANDUM OF LAW"

This matter is before the Court on "Defendants' Motion to Dismiss Count II of Plaintiff's Complaint and Memorandum of Law," filed by counsel on November 1, 2019. (Doc. # 14). On November 14, 2019, Plaintiff Holly Green filed a response in opposition to the motion. (Doc. # 18). After reviewing the motion, response, court file, and the record, the Court finds as follows:

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). "Although Rule 8(a) does not require 'detailed factual allegations,' it does require 'more than labels and conclusions'; a 'formulaic recitation of the cause of action will not do.'" *Young v. Lexington Ins. Co.*, No. 18-

62468, 2018 WL 7572240, at *1 (S.D. Fla. Dec. 6, 2018), *report and recommendation adopted*, No. 18-62468-CIV, 2019 WL 1112274 (S.D. Fla. Jan. 9, 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim for relief that is plausible on its face." *Twombly,* 550 U.S. at 555.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## Analysis

Defendants seek dismissal of Count II of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff has failed to state a claim upon which relief can be granted. Specifically, Defendants contend that Plaintiff has failed to assert sufficient factual allegations to identify the essential terms of the alleged contract, and has failed to attach any documents – such as a copy of the alleged contract – to her complaint that would clarify or confirm the essential terms of the contract.[1]

---

[1] Defendants argue that the breach of contract claim is vague and ambiguous because it fails to identify essential terms of the purported agreement, including "the date or term of the purported agreement, the amount of pay, the amount of vacation time provided and whether such time was with or without pay, the time-frame that Plaintiff is seeking to recover for vacation pay, or the specific terms of the contract that were allegedly breached by the Practice."

Upon review, the Court finds that Plaintiff's failure to make detailed factual allegations concerning the dates and specific terms of the alleged contract does not warrant dismissal. *See Manicini Enterprises, Inc. v. American Exp. Co.*, 236 F.R.D. 695, 698 (S.D. Fla. 2006). A breach of contract claim does not need to be pled with particularity. Rather, a breach of contract claim only needs to comply with Rule 8. *Pals Group, Inc. v. Quiskeya Trading Corp.*, Case No. 16-23905-CIV-GOODMAN, 2017 WL 3840359, at *3 (S.D. Fla. Sept. 1, 2017) (citing *Manicini*, 236 F.R.D. at 698). "To do so, the plaintiff must allege: (1) a valid contract, (2) a material breach, and (3) damages. Any remaining inquiries which defendants may have concerning the specific terms of the alleged contracts may be resolved through the discovery process." *Id.* (internal quotation and alteration omitted); *see also Pegasus Aviation IV, Inc. v. Aircraft Composite Technologies, Inc.*, Case No. 1:16-cv-21255-UU, 2016 WL 3390122, at *4 (S.D. Fla. June 17, 2016) (explaining that because rule 8 does not require the greatest specificity, a plaintiff only needs to allege enough facts to plausibly show the defendant breached the contract); *Great American Ins. Co. v. Pino Kaoba & Associates, Inc.*, Case No. 08-20847-CIV-DIMITROULEAS, 2008 WL 11333253, at *2-3 (S.D. Fla. Dec. 8, 2008) (explaining that a plaintiff asserting a breach of contract claim does not need to allege the date that the contract was entered into or terms such as date of completion, nature of work, or payment).

In this case, the complaint contains sufficient allegations to put Defendants on notice as to the nature of the claim and the relief Plaintiff seeks. According to Plaintiff, a contract existed between her and the Practice that during her employment, the Practice would pay her for three (3) weeks of vacation. Plaintiff alleges that although she has fully and satisfactorily performed her duties under the contract, the Practice has refused to pay Plaintiff the three (3) weeks of vacation due under the terms of the written contract, and that she has been damaged as a result of this breach. These facts satisfy the simple notice pleading requirements of Rule 8(a), and any remaining inquiries concerning the specific terms of the alleged contract may be resolved through discovery.

Furthermore, when asserting a breach of contract claim, it is well-established that in federal court, a plaintiff is not required to attach a copy of the contract to the complaint. *See, e.g.*, *Yencarelli v. USAA Casualty Co.*, Case No. 8:17-cv-2029-T-36AEP, 2017 WL 6559999, at *2 (M.D. Fla. Dec. 22, 2017) ("It is adequate for Plaintiff to allege that a contract exists, without attaching the contract to the complaint in federal court."); *TaiDoc Technology Corp. v. Pharma Supply, Inc.*, Case No. 13-80682-CIV-RYSKAMP/HOPKINS, 2013 WL 12383787, at *2 (S.D. Fla. Aug. 29, 2013) ("The Federal Rules of Civil Procedure do not require the attachment of the contract sued upon."); *Manicini*, 236 F.R.D. at 698 (holding that the plaintiff's failure to attach purported written contracts to complaint did not warrant dismissal for failure to state a claim). As such, Plaintiff is not required to attach a copy of the written contract to support her breach of contract claim in Count II.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendants' Motion to Dismiss Count II of Plaintiff's Complaint and Memorandum of Law" is hereby **DENIED**.

2. Defendants are directed to file an answer on or before December 10, 2019.

**DONE** and **ORDERED** in Chambers, in Fort Myers, Florida this <u>20th</u> day of November, 2019.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**